IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK J. CHAREST, # 182202,** : | |
|     **Plaintiff,** : | |
| vs. : | **CIVIL ACTION 20-0214-TFM-N** |
| **GOVERNOR KAY IVEY,** *et al.*, : | |
|     **Defendants.** : | |

## REPORT AND RECOMMENDATION

This action is before the Court on "Plaintiff's Emergency Request for Access to Courts – Absent Retaliations . . . [in which he] moves this Honorable Court to Revisit – Grant T.R.O. – PI" ("motion or motion requesting access to courts"). (Doc. 15, PageID.223).[1] This motion is for injunctive relief, which the Court is treating as a motion for a preliminary injunction, inasmuch as Plaintiff indicates in a certificate of service that he provided notice to counsel for Defendants. (*Id.* at 10, PageID.10). After careful consideration, it is the recommendation of the undersigned that Plaintiff's motion for a preliminary injunction (Doc. 15, PageID.223), be denied and that the motion to reconsider be denied as moot.

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and United States District Judge Moorer's order of April 23, 2020 (Doc. 3, PageID.23).

**I. Proceedings.**

    **A. Complaint. (Doc. 1).**

Plaintiff Charest met 28 U.S.C. § 1915(g)'s "under imminent danger of serious physical injury" exception in order to proceed *in forma pauperis* in this action. (Doc. 6, PageID.34). Plaintiff sued Defendants Governor Kay Ivey and Warden Mary Cooks of Fountain Correctional Facility ("Fountain") for their failure to protect him and other inmates by not providing preventive supplies, services, and testing for Covid-19, for their "deliberate indifference to imminent danger of physical danger/death from Covid 19," and for a declaration that 28 U.S.C. § 2244 violates the First and Fourteenth Amendments and is, therefore, unconstitutional. (Doc. 1 at 11, PageID.11). For relief, Plaintiff sought a declaratory judgment and a preliminary injunction. (*Id.* at 13, PageID.13).

    **B. Motion. (Doc. 15, PageID.223).**

Presently, before the Court is Plaintiff's motion requesting access to courts, which is lacking in cohesion and specifics. The Court will discern Plaintiff's allegations as best that it can. Plaintiff claims Defendants have retaliated with verbal threats of sanctions and transfer for reporting to the Court and the CDC the "imminent public danger" due to overcrowding at the Alabama Department of Corrections ("ADOC"). (Doc. 15 at 1, PageID.223). Plaintiff seeks to revisit the TRO denial and wants the Court to enjoin Defendant Cooks and non-defendant

Captain Sharon Langham, whom he identifies as a Defendant[2], from "future, further threats, intimidation, retaliation, overt disciplinaries, . . . citations[,]" impediments, and transfers in response to filing this § 1983 action. (*Id.* at 2, PageID.224; *Id.* at 9, PageID.231).

According to Plaintiff, on May 19, 2020, at 9 a.m., Langham told Plaintiff and inmate McConico that they needed a pass for access to Fountain's law library. (*Id.*). He attempted to explain to Langham that he needed library access because Defendant Cooks had just submitted her declaration to ADOC counsel a few days earlier. (*Id.* at 9, PageID.231). When Plaintiff returned to the law library at 1 p.m., he noticed two inmates using the law library despite the pass requirement. (*Id.* at 2, PageID.224). Both clerks, B. Carter and a segregation runner, had told the other inmates that they needed a pass to use the law library, so the inmates went to Langham, who said they were okay and just go in. (*Id.*).

Plaintiff contends that he and others are denied "reasonable time" and "supplies to research and submit pleadings in violation of *Bounds v. Smith*." (*Id.* at 9, PageID.231). He maintains that he is being "chilled from adequately drafting in Fountain's law library [due to Defendant Cooks' and Langham's] impediments [in

---

[2] Embedded in a filing titled Emergency Facts Arising from ADOC Retaliations (Doc. 12 at 6, PageID.59), Plaintiff mentions adding Captain Sharon Langham as a Defendant because she closes the law library even when social distancing cannot exist there. Plaintiff states he was attaching a civil summons to add Langham as a Defendant, but none was attached. More importantly, a motion to amend with the proposed amended complaint was not provided so the Court could screen the amended complaint. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir.1999) (ruling that plaintiff's leave to amend filed in her response to the motion to dismiss was not a motion to amend because a separate motion with the proposed amendment is required to be filed).

3

place] from [his] filing of [a] § 1983 action for protection [from] infections [and] death absent federal intervention [with an] immediate P.I." (*Id.* at 8, PageID.230).

Much of Plaintiff's motion consists of quotes or information from Dr. Michael Pruisis, an expert witness in the class action, *Braggs v. Dunn,* 2:14-cv-601, which is being handled by United States District Judge Myron Thompson in the Middle District of Alabama. (*Id.* at 4, PageID.226). This information consists of Dr. Pruisis's opinion that CDC measures to prevent Covid 19 are not possible in Alabama prisons. (*Id.* at 5-8, PageID.227-30). Plaintiff asserts that he cannot review and brief Dr. Pruisis's information because he is being denied access to courts by officers through closure, threats, and intimidations, one which occurred that day and another the week before. (*Id.*). So, he is on the floor between two bunkbeds surrounded by numerous loud inmates studying the State's response. (*Id.* at 3, PageID.225). Plaintiff alleges he "remains under ADA protection" because of *Braggs*; the Phase 1 order in *Braggs* with proposed modifications to the 2016 consent decree will chill his interests; and he has an arbitration case, number #2:19-MC-03852-JEO.[3] (*Id.* at 4, PageID.226). Plaintiff maintains that the litigation before Judge Thompson "deserves protection by these newly named defendants M. Cook, Cpt Langham from further, future, retaliatory acts, actions and protection from this Hon. Court in light of COVID19- crises – at large." (*Id.*).

---

[3] According to PACER, Plaintiff has been able to file documents in his arbitration case. The last order, which was entered on July 7, 2020, appointed Magistrate Judge Stephen M. Doyle as a replacement arbitrator. (Doc. 24 at 2). Since the order's entry, that case's docket reflects two filings by Plaintiff. (Docs. 25, 26).

Attached to his motion are three inmates' affidavits signed under penalty of perjury. (Doc. 15 at 12-14, PageID.234-36). In Plaintiff's affidavit, he provides further details about the incident on May 19, 2020. (*Id.* at 12, PageID.234). He advised Langham that he needed to file a response to ADOC's May 11, 2020 response, which he received on May 18, 2020. (*Id.*). Langham asked for his approved pass; he said he gave the pass to her on Friday, May 15, 2020, but she had not returned it. (*Id.*). She told him to fill out another one, and when it was approved, he could have access; otherwise, he had to leave. (*Id.*). This occurred at 9 a.m., and she allowed him to stay until 10:15 a.m. when count was over. (*Id.*). He claims ADOC is retaliating by denying him access to courts. (*Id.* at 11, PageID.233).

Jason Adomo stated that he was present when Defendant Cooks and Langham shut down Fountain's law library, claiming Covid 19's social distancing required it. (*Id.* at 12, PageID.234). He informs that access was changed from seven to ten inmates at a time in the law library to three inmates, two of which were the inmate clerks. (*Id.*). A week later, on May 12, 2020, Langham removed all but three chairs. (*Id.*). Then, during the week of May 20, 2020, Defendant Cooks and Langham changed the law library's hours to 8 to 10 a.m. and 1 p.m. to 4 p.m. for social distancing reasons, for 1,000 inmates. (*Id.*). However, the connected general library and hobby shop are open all day, and social distancing is not required in the hobby shop, kitchen, and dorms. (*Id.*). Charest and McConico are required to have passes, but Langham waives the passes for others. (*Id.*).

James McConico states that he witnessed Defendant Cooks and Langham close the law library and remove folding chairs after a typewriter was requested and he and Charest filed their individual § 1983 actions challenging ADOC's crowded conditions of confinement and ADOC's failure to test for Covid 19. (*Id.* at 13, PageID.235). Defendant Cooks and Langham are "retaliating for filing for Covid 19 protections [with] patterns of abuse, false disciplinaries, sanctions are being issued against inmates as [himself], others for merely using the law library. . . ." (*Id.*).

## II. Analysis.

The primary purpose of a temporary restraining order or a preliminary injunction is to maintain the status quo of the parties until there is a trial on the merits. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981). "This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint." *Richardson v, Beck*, 2020 WL 3847839, at *1 (N.D. Fla. 2020) (unpublished); *Hendrix v. Giles,* 2012 WL 6088827, at *1 (M.D. Ala. 2012) (unpublished).

Granting or denying a temporary restraining order or preliminary injunction rests within the discretion of the district court. *U.S. v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). A temporary restraining order or a preliminary injunction is an extraordinary and drastic remedy, which will not be granted unless the movant carries the burden of persuasion on the following four prerequisites. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Cheng Ke Chen v.*

*Holder,* 783 F. Supp.2d 1183, 1186 (N.D. Ala. 2011).  To prevail on a request for injunctive relief, the movant must show:

> (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to public interest.

*Zardui-Quintana*, 768 F.2d at 1216*; Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir) (the same elements must be shown for a temporary restraining order and a preliminary injunction), *cert. denied*, 534 U.S. 1072 (2001). Moreover, injunctive relief will not issue unless the complained of conduct is imminent, *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000), and the injury cannot be undone through monetary remedies.  *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).  "Because a preliminary injunction is an extraordinary and drastic remedy, its grant is the exception rather than the rule. . . ." *Lambert*, 695 F.2d at 539 (internal quote omitted).  And, upon a finding that the burden of persuasion has not been met in regard to one element, the Court will not address the remaining elements inasmuch as the movant bears the burden of persuasion on all four elements.  *U. S. v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (finding that a preliminary injunction was properly denied where the movant failed to meet the burden of persuasion on one element).

In examining the element that the movant "will suffer irreparable injury unless the injunction issues," the Court finds that Plaintiff has not identified a

7

specific injury, much less irreparable and imminent injury, that he will suffer unless injunctive relief issues. However, it is Plaintiff's burden to show that "the asserted irreparable injury '[is] neither remote nor speculative, but actual and imminent.'" *Siegel,* 234 F.3d at 1176 (citation omitted). In the context of a denial of access to courts, a plaintiff must show his injury is in his "pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998). A plaintiff cannot merely allege a denial of access to a law library, even if systemic, but he must provide evidence, such as a denial or dismissal, or evidence that the lack of a law library hindered his efforts. *Id.* at 1290-91 (finding the plaintiff's claim that the lack of a law library at the Montgomery City Jail prevented him from pursuing his civil rights claims was meritless because he litigated while he was at the jail); *Daker v. Governor of Ga.,* 796 F. App'x 719, 720 (11th Cir. 2020) (finding that a claim for the denial of access to a law library was properly dismissed because he did not show it caused him a legal injury). Here, Plaintiff has not identified a legal injury, and he will not be able to do so because he has continued to litigate in this case and in his arbitration case. Thus, because Plaintiff has not met his burden on the element that he "will suffer irreparable injury unless the injunction issues," Plaintiff is due to have the motion denied. *Jefferson Cnty., supra.*

      Even though Plaintiff is due to have his motion denied for the foregoing reason, the Court notes that injunctive relief is not due to be granted for the additional following reasons. The present motion concerning access to Fountain's

8

law library, albeit to the courts, is not of the same nature as the claims found in Plaintiff's complaint challenging how Defendants Ivey and Cooks are responding to the Covid 19 pandemic. (Doc. 1, PageID.1). A favorable ruling by the Court on this motion would not have the effect of maintaining the status quo of the parties on the claims in the complaint. Furthermore, many of Plaintiff's allegations are directed to Sgt. Langham who is not a Defendant to this action and over whom the Court does not have jurisdiction. *In re Infant Formula Antitrust Litigation MDL 878 v. Abbott Laboratories,* 72 F.3d 842, 842-43 (11th Cir. 1995).

Moreover, Plaintiff has not identified a specific, imminent legal injury that he will suffer if injunctive relief does not issue. Nor has Plaintiff requested specific relief. His statements are vague, open ended, and without a concrete request for how his situation can be remedied through injunctive relief. However, the Court must be able to fashion an order that is specific and describes in detail the acts sought to be restrained so those who are enjoined are informed what they must do to comply with the order. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200 (11th Cir. 1999); FED.R.CIV.P. 65(d)(1)(B). But an injunction that is an "obey the law" injunction is invalid. *S.E.C. v. Smyth,* 420 F.3d 1225, 1233 n.14 (11th Cir. 2005). For these other reasons, Plaintiff's motion is due to be denied.

### III. Conclusion.

Based upon the foregoing reasons, it is recommended that Plaintiff's motion for a preliminary injunction (Doc. 15, PageID.223) be denied. Furthermore, Plaintiff's request for reconsideration is understood to be a motion to reconsider the

May 4, 2020 order denying his request for a TRO. (Doc. 5 at 1, PageID.31). It is recommended that the motion to reconsider be denied as moot in light of the subsequent denial of the corresponding motion for a preliminary injunction. (Doc. 21, PageID.441).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that

merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 12th  day of  February, 2021.

/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**